IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIAM AMOR, | ) |
| | ) |
|     *Plaintiff*, | ) |
| | ) |
|     *v.* | ) |
| | ) |
| JOHN REID & ASSOCIATES, INC., | ) |
| MICHAEL MASOKAS, THE ESTATE | ) |
| OF ARTHUR T. NEWEY, AND | ) |
| UNKNOWN EMPLOYEES OF JOHN | ) |
| REID & ASSOCIATES, | ) |
| | ) |
|     *Defendants.* | ) |

# COMPLAINT

Plaintiff WILLIAM E. AMOR, by and through his attorneys, Loevy & Loevy, complains of Defendants, JOHN REID & ASSOCIATES, INC., MICHAEL MASOKAS, THE ESTATE OF ARTHUR T. NEWEY, AND UNKNOWN EMPLOYEES OF JOHN REID & ASSOCIATES, and alleges as follows:

## Introduction

1. In September 1995, and continuing thereafter, the above-named Defendants entered into and executed a conspiracy to cause Plaintiff's unlawful arrest and subsequent prosecution for a murder and aggravated arson that he did not commit. The centerpiece of the conspiracy was Plaintiff's purported "confession," a statement which the Defendants assisted in coercing from Plaintiff through mental coercion, lies and improperly suggestive interrogation techniques.

1

Additionally, Defendants falsely told Plaintiff that he flunked a polygraph examination. As a direct and proximate result of Defendants' egregious misconduct, Plaintiff was convicted and sentenced to 45 years imprisonment. He served more than 20 years of wrongful incarceration. This lawsuit seeks redress for the extreme hardship and incalculable harm Defendants thereby caused Plaintiff to suffer.

## Jurisdiction

2. This action is brought under 42 U.S.C. § 1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution and under Illinois state law.

3. This Court has original jurisdiction of Plaintiff's federal claims pursuant to 28 U.S.C. § 1331, and supplemental jurisdiction of Plaintiff's state-law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper under 28 U.S.C. § 1391(b) as the events and omissions giving rise to Plaintiff's claims occurred within this judicial district.

## The Parties

5. Plaintiff William Amor ("Plaintiff") is a resident and citizen of the state of Illinois.

6. Defendant John Reid & Associates, Inc. (hereinafter "Reid & Associates"), is a for-profit Illinois corporation with its principal place of business at 209 W. Jackson Blvd., Suite 400, Chicago, IL 60606. At all times relevant to the events described in this Complaint, Reid & Associates participated in the

investigation and interrogation of Plaintiff by Naperville Police Department. It did so pursuant to an agreement with the City of Naperville to provide its officers with training, advice, and consultation in connection with the interrogation of individuals suspected of criminal activity. Many of those interrogations, including Plaintiff's, occurred at Reid & Associates' offices in Chicago. The City of Naperville regularly delegated to Reid & Associates and its employees the responsibilities of interrogating, testing, and eliciting statements from persons suspected of criminal activity. Defendant John Reid & Associates is liable for all torts committed by its employees pursuant to the doctrine of *respondeat superior*.

7. Defendant Michael Masokas is the former Director of the Services Reid & Associates. At all times relevant to the events described in this Complaint, Defendant Masokas was an employee of Reid & Associates who directed, conducted, and participated in the police interrogation of Plaintiff and the investigation conducted by the Naperville Police Department. As such, Defendant Masokas was acting at all times under color of law and within the scope of his employment with Reid & Associates.

8. Defendant Estate of Arthur T. Newey (hereinafter "Defendant Newey") was a former polygraph examiner at John Reid & Associates. At all times relevant to the events described in this Complaint, Defendant Newey was an employee of Defendant John Reid & Associates who directed, conducted, and participated in the police interrogation of Plaintiff and the investigation conducted by the Naperville Police Department. As such, Defendant Newey was acting at all times under color of

law and within the scope of his employment with John Reid & Associates. Upon information and belief, Arthur Newey is deceased.

9. Defendant Unknown Employees of John Reid & Associates participated in the misconduct alleged in this Complaint. At all times relevant to the events described in this Complaint, these Unknown Employees of John Reid & Associates directed, conducted, and participated in the police interrogation of Plaintiff and the investigation conducted by the Naperville Police Department. As such, Defendant Unknown Employees of John Reid & Associates were acting at all times under color of law and within the scope of his/her/their employment with John Reid & Associates.

10. Defendants Masokas, Newey, and the Unknown Employees of John Reid & Associates (collectively the "Individual Defendants") acted under color of law and within the scope of his or her or their employment. Each of the individual Defendants is sued his or her or their individual capacity unless otherwise noted.

## Factual Background

### The Fire at 218 E. Bailey in Naperville

11. On or about September 10, 1995, Plaintiff resided at 218 E. Bailey in Naperville with his wife, Tina Amor (Ms. Amor") and his mother -in -law, Marianne Miceli ("Ms. Miceli").

12. Ms. Miceli called 911 and reported that there was a fire in the apartment.

13. The Naperville Fire Department ("NFD") arrived and began rescue efforts. Tragically, they were unable to save Ms. Miceli, who died as a result of smoke inhalation.

14. Plaintiff and his wife were not home at the time of the 911 call but returned home at 11:00 p.m., at which time they were informed of Ms. Miceli's death.

15. Employees of the Naperville Police Department, including Michael Cross and Robert Guerrieri, treated Plaintiff as a suspect and began questioning him at or around that time.

16. As the questioning continued into the early morning of September 11, 1995, Plaintiff repeatedly denied setting the fire.

17. On September 15, 1995, Plaintiff was arrested for outstanding warrants on unrelated traffic offenses in DeKalb County.

18. After that arrest, Michael Cross once again questioned Plaintiff about the fire.

19. Next, Plaintiff was transported to the DeKalb County Jail without appearing before a judge.

20. Plaintiff was held until October 3, 1995. Upon his release from the DeKalb County Jail, Cross and Guerrieri accosted Plaintiff outside the jail and took him, in a locked police car, to take multiple polygraph exams at Defendant John Reid & Associates' Office.

21. Plaintiff undertook several rounds of polygraph testing at Defendant Reid & Associates, which was administered by Defendant Masokas, Defendant Newey, and Defendant Unknown Employees of John Reid & Associates.

22. After undergoing hours of polygraph testing and having spent seven hours with law enforcement, including Defendants, following his release from DeKalb County Jail, Defendants continued to question Plaintiff with the cooperation and involvement of the Naperville Police Department.

23. Plaintiff was next transported at 11:30 p.m. to the Naperville Police Department ("NPD") for further interrogation.

24. At all times prior to his arrival at the NPD at or around 11:30 p.m. on October 3, 1995, Plaintiff had unequivocally denied setting the fire.

25. After many more hours of interrogation, in the early morning hours of October 4, 1995, Cross and Guerrieri took written statements purporting to reflect that Plaintiff admitted involvement in setting the fire.

26. Specifically, the statements suggested that Plaintiff intentionally started the fire by knocking a lit cigarette onto a newspaper which he had previously spilled vodka on.

27. The aforementioned statements were fabricated as a result of mental and emotional abuse, including but not limited mental abuse perpetuated by Defendants during their interrogation of him at Reid & Associates. The Naperville Police Department further abused Plaintiff during their interrogation of him, including physical abuse – including but not limited to Brian Cunningham

6

slamming Plaintiff against the wall – and verbal intimidation by Cross, Guerrieri, and others upon Plaintiff. That abuse, combined with prolonged deprivation of food and sleep by Defendants and the Naperville Police Department as well as emotional impairment from the manner in which Defendants interrogated Plaintiff caused Plaintiff to falsely confess.

28. The Individual Defendants all participated in the conduct that led Plaintiff to falsely confess.

### Defendants Target Plaintiff

29. The Individual Defendants determined at the time they became involved in the investigation that they would accuse Plaintiff of intentionally setting the fire.

30. Despite the lack of any credible information suggesting that Plaintiff was involved in setting the fire, the Individual Defendants targeted him.

31. The Individual Defendants entered into a conspiracy amongst themselves and with members of the Naperville Police Department, including but not limited to Cross, Guerrieri, and Cunningham to falsely implicate Plaintiff by any means necessary.

### Defendants Fabricate Evidence against Plaintiff

32. As set forth above, Plaintiff was interrogated by the Individual Defendants at various times.

33. Plaintiff consistently denied he had set the fire.

34. All of the Individual Defendants were aware that each of them were threatening and abusing Plaintiff in attempt to extract inculpatory statements from him.

35. The Individual Defendants knew that any inculpatory statement by Plaintiff was fabricated, and that Plaintiff only gave the statements as the result of the physical and mental coercion to which they participated in subjecting him. They further knew that Plaintiff had not failed a polygraph exam administered by them, and that any confession he gave was not the result of being confronted with the results of a failed polygraph test and choosing to come clean as a result.

36. The Individual Defendants subsequently memorialized a false account of their interrogation of Plaintiff, which was used to support the charges against Plaintiff and deny him bond pending trial.

37. There was never probable cause to believe that Plaintiff intentionally set the fire or to support the arrest and/or prosecution of Plaintiff.

### *Plaintiff's Charges, Trial, and Conviction*

38. Based on Plaintiff's "confession," Plaintiff was charged with first-degree murder and aggravated arson.

39. Plaintiff's "confession" was used by the State and relied on by the trial court in denying Plaintiff bond.

40. At Plaintiff's trial, the key evidence connecting Plaintiff to the offense was the fabricated statements and confession attributed to Plaintiff by the Individual Defendants and the members of the Naperville Police Department with which they conspired.

41. On September 17, 1997, following a trial, Plaintiff was convicted of both aggravated arson and first-degree murder.

### *Confession Shown to be "Scientifically Impossible" At Evidentiary Hearing*

42. On January 29, 2015, Plaintiff was granted leave to file a Petition For Post-Conviction Relief based upon his assertion that he was actually innocent of the crimes for which he had been convicted.

43. Plaintiff's' claims advanced to a third-stage evidentiary hearing in DuPage County.

44. After that hearing, on April 6, 2017, the Circuit Court of DuPage County vacated Plaintiff's convictions, explaining that "There can be no question that the lynchpin of the State's case at trial was the defendant's confession, which the State and Defense experts today agree is scientifically impossible ."

45. On May 30, 2017, Amor was released pending a retrial.

46. On February 21, 2018, Plaintiff was acquitted after a bench trial.

### *Plaintiff's Damages*

47. As a result of the Defendants' misconduct, Plaintiff spent over twenty (20) years incarcerated for a crime he did not commit. Plaintiff endured the stigma

of having perpetrated the brutal aggravated arson and murder of his mother-in-law in which he had no involvement. Even more so, Plaintiff suffered incalculable mental anguish and emotional pain stemming from his lengthy incarceration. He missed spending hundreds of holidays, birthdays, and social gatherings with family and friends. Plaintiff was locked up in an environment where any day he could have been beaten, sexually assaulted, or even murdered. Plaintiff languished in his prison cell, not knowing if he would spend the remainder of his life behind prison walls.

48. Plaintiff's damages include, but are not limited to, emotional distress, mental anguish, humiliation, loss of liberty, loss of freedom of movement, loss of enjoyment of life, loss of consortium, and other non-pecuniary losses.

## Causes of Action

### COUNT I

### 42 U.S.C. § 1983 – 14th Amendment Due Process

49. Each foregoing paragraph of this Complaint is incorporated as if fully set forth herein.

50. As described more fully above, all of the Defendants, while acting individually, jointly, and in conspiracy, as well as under color of law and within the scope of their employment, deprived Plaintiff of his constitutional right to due process by deliberately fabricating statements, reports, and other evidence.

51. The Defendants' misconduct described herein was objectively unreasonable and was undertaken with deliberate indifference to Plaintiff's constitutional rights.

52. The Defendants' misconduct described herein shocks the conscience.

53. As a direct and proximate result of the misconduct described herein, Plaintiff was charged with aggravated arson and first-degree murder.

54. As a further direct and proximate result of the misconduct described herein, Plaintiff was denied bond and detained in the county jail prior to trial.

55. As a further direct and proximate result of the misconduct described herein, Plaintiff suffered injuries, including but not limited to loss of liberty, emotional distress, and mental anguish as more fully described above.

## COUNT II

### 42 U.S.C. § 1983 – 5th and 14th Amendment Due Process
### Coerced Confession

56. Each foregoing paragraph of this Complaint is incorporated as if fully set forth herein.

57. As described more fully above, all of the Defendants, while acting individually, jointly, and in conspiracy with themselves and members of the Naperville Police Department, deprived Plaintiff of his constitutional right to be free from compelled self-incrimination.

58. As described more fully above, the Defendants coerced Plaintiff through physical violence, emotional and mental abuse.

59. As a result of the misconduct described herein, the Defendants compelled Plaintiff and, in conspiracy with others, extracted a false confession from him.

60. The Defendants' misconduct described herein was objectively unreasonable and was undertaken with deliberate indifference to Plaintiff's constitutional rights.

61. The Defendants' misconduct described herein shocks the conscience.

62. As a direct and proximate result of the misconduct described herein, Plaintiff was charged with aggravated arson and first-degree murder.

63. As a further direct and proximate result of the misconduct described herein, Plaintiff was denied bond and detained in the county jail prior to trial.

64. As a further direct and proximate result of the misconduct described herein, Plaintiff was convicted of aggravated arson and first-degree murder.

65. As a further direct and proximate result of the misconduct described herein, Plaintiff suffered injuries, including but not limited to loss of liberty, emotional distress, and mental anguish as more fully described above.

## COUNT III

### 42 U.S.C. § 1983 – Fourth and Fourteenth Amendments
### Unlawful Detention

66. Each foregoing paragraph of this Complaint is incorporated as if fully set forth herein.

67. In the manner described more fully above, the Defendants, individually, jointly, and in conspiracy with one another as well as with members of the Naperville Police Department, as well as under color of law and within the scope of their employment, accused Plaintiff of criminal activity and exerted influence to initiate, continue, and perpetuate judicial proceedings against Plaintiff without any probable cause for doing so and in spite of the fact that they knew Plaintiff was innocent, in violation of his rights secured by the Fourth and Fourteenth Amendments.

68. In doing so, these Defendants caused Plaintiff to be deprived of his liberty without probable cause and subjected improperly to judicial proceedings for which there was no probable cause. These judicial proceedings were instituted and continued maliciously, resulting in injury.

69. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally, and with malice.

70. As a further direct and proximate result of the misconduct described herein, Plaintiff suffered injuries, including but not limited to loss of liberty, emotional distress, and mental anguish as more fully described above.

## COUNT IV

### 42 U.S.C. § 1983 – Conspiracy to Deprive Constitutional Rights

71. Each foregoing paragraph of this Complaint is incorporated as if fully set forth herein.

72. As described more fully above, as a result of the fire, Defendants reached an agreement amongst themselves and with members of the Naperville Police Department to frame Plaintiff for the crime and to thereby deprive Plaintiff of his constitutional rights as described in the Counts above.

73. As described more fully above, all of the Defendants had knowledge of and/or participated in the fabrication of evidence against Plaintiff.

74. As described more fully above, all of the Defendants were aware that Plaintiff's false confession was the product of physical and mental coercion.

75. In this manner, the Defendants conspired by concerted action to accomplish an unlawful purpose by an unlawful means.

76. In furtherance of the conspiracy, each of the co-conspirators committed overt acts and was an otherwise willful participant in joint activity.

77. The Defendants' misconduct described herein was objectively unreasonable and was undertaken with deliberate indifference to Plaintiff's constitutional rights.

78. The Defendants' misconduct described herein shocks the conscience.

79. As a direct and proximate result of the misconduct described herein, Plaintiff was charged with aggravated arson and first-degree murder.

80. As a further direct and proximate result of the misconduct described herein, Plaintiff was denied bond and detained in the county jail prior to trial.

81. As a further direct and proximate result of the misconduct described herein, Plaintiff was convicted of aggravated arson and first-degree murder.

82. As a further direct and proximate result of the misconduct described herein, Plaintiff suffered injuries, including but not limited to loss of liberty, emotional distress, and mental anguish as more fully described above.

## COUNT V

### 42 U.S.C. § 1983 – Failure to Intervene

83. Each foregoing paragraph of this Complaint is incorporated as if fully set forth herein.

84. As described more fully above, during the constitutional violations alleged herein, one or more of the Defendants stood by without intervening to prevent the misconduct.

85. The Defendants' misconduct described herein was objectively unreasonable and was undertaken with deliberate indifference to Plaintiff's constitutional rights.

86. As a direct and proximate result of the misconduct described herein, Plaintiff was charged with aggravated arson and first-degree murder.

87. As a further direct and proximate result of the misconduct described herein, Plaintiff was denied bond and detained in the county jail prior to trial.

88. As a further direct and proximate result of the misconduct described herein, Plaintiff was convicted of aggravated arson and first-degree murder.

89. As a further direct and proximate result of the misconduct described herein, Plaintiff suffered injuries, including but not limited to loss of liberty, emotional distress, and mental anguish as more fully described above.

## COUNT VI

### Illinois State Law – Malicious Prosecution

90. Each foregoing paragraph of this Complaint is incorporated as if fully set forth herein.

91. As described more fully above, the Defendants knowingly and maliciously initiated and/or caused judicial proceedings to continue against Plaintiff without probable cause.

92. The prosecution terminated in Plaintiff's favor on February 21, 2018, when Plaintiff was acquitted.

93. As a further direct and proximate result of the misconduct described herein, Plaintiff suffered injuries, including but not limited to loss of liberty, emotional distress, and mental anguish as more fully described above.

## COUNT VII

### Illinois State Law – Intentionally Infliction of Emotional Distress

94. Each foregoing paragraph of this Complaint is incorporated as if fully set forth herein.

95. As described more fully above, the Defendants' misconduct was extreme and outrageous.

96. As described more fully above, the Defendants intended to cause, or were in reckless disregard of the probability that their misconduct would cause, severe emotional distress to Plaintiff.

97. As a direct and proximate result of the misconduct described herein, Plaintiff suffered injuries, including but not limited to severe emotional distress and mental anguish as more fully described above.

## COUNT VIII

### Illinois State Law – Conspiracy

98. Each foregoing paragraph of this Complaint is incorporated as if fully set forth herein.

99. As described more fully above, the Defendants together reached an understanding, engaged in a course of conduct, engaged in a joint action, and otherwise conspired among and between themselves and others to maliciously prosecute Plaintiff without probable cause and to intentionally inflict emotional distress.

100. As described more fully above, in furtherance of the conspiracy, the Defendants committed overt acts including the fabrication and unlawful coercion of Plaintiff's "confession," and the falsification of witness statements in police reports.

101. The conspiracy alleged herein was initiated on or about September 10, 1995 and continues to the present.

102. As a direct and proximate result of the misconduct described herein, Plaintiff suffered injuries, including but not limited to loss of liberty, emotional distress, and mental anguish as more fully described above.

## COUNT IX

### Illinois State Law – *Respondeat Superior*
### (Against John Reid & Associates)

103. Each foregoing paragraph of this Complaint is incorporated as if fully set forth herein.

104. Defendant John Reid & Associates are liable for the state-law torts of its employees under the doctrine of *respondeat superior*.

### Prayer for Relief

WHEREFORE, Plaintiff, WILLIAM E. AMOR, respectfully requests that this Court enter judgment in his favor and against Defendants JOHN REID & ASSOCIATES, INC., MICHAEL MASOKAS, THE ESTATE OF ARTHUR T. NEWEY, AND UNKNOWN EMPLOYEES OF JOHN REID & ASSOCIATES, awarding compensatory damages, costs, and attorneys' fees, along with punitive damages against each of the individually-named Defendants in their individual capacities, as well as any other relief this Court deems just and appropriate.

### Jury Demand

Plaintiff, WILLIAM E. AMOR, hereby demands a trial by jury pursuant to Federal Rules of Civil Procedure 38(b) on all issues so triable.

Respectfully submitted,

**WILLIAM E. AMOR**

/s/ Tara Thompson
One of the Plaintiff's Attorneys

Jon Loevy
Tara Thompson
Mariah Garcia
Loevy & Loevy
311 N. Aberdeen
Third Floor
Chicago, Illinois 60607
(312) 243-5900
tara@loevy.com