# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIAM AMOR, ) | |
| ) | |
|     *Plaintiff*, ) | Case No. 20-cv-01444 |
| ) | |
| v. ) | Hon. John Z. Lee |
| ) | |
| JOHN REID & ASSOCIATES, et al., ) | Mag. J. Jeffrey I. Cummings |
| ) | |
|     *Defendants*. ) | |

## PLAINTIFF'S MOTION TO APPOINT AND SUBSTITUTE SPECIAL REPRESENTATIVE FOR DEFENDANT ARTHUR T. NEWEY

Pursuant to Federal Rule of Civil Procedure 25 and 735 ILCS 5/13-209, Plaintiff William Amor, through counsel, hereby moves the Court for an order appointing a special representative to defend this action on behalf of deceased Defendant Estate of Arthur T. Newey. In support of his motion, Plaintiff states as follows:

## BACKGROUND

1. Plaintiff filed this civil rights lawsuit on February 27, 2020, alleging that John Reid & Associates, Defendant Michael Masokas, Defendant The Estate of Arthur T. Newey, and Defendant Unknown Employees of John Reid & Associates entered into and executed a conspiracy to cause Plaintiff's arrest and subsequent prosecution for a murder and aggravated arson that he did not commit.

2. Specifically, the Complaint alleges that the above-named Defendants (Masokas and Newey worked at the time for Reid & Associates) assisted employees of the Naperville Police Department by coercing a false "confession" from Plaintiff through the use of mental coercion, lies, and improperly suggestive interrogation

techniques. As a result, Plaintiff was incarcerated for approximately twenty years before his conviction was vacated and he was acquitted at a retrial.

3. One of these Reid & Associates employees, Arthur T. Newey, died before Plaintiff filed his initial suit. Plaintiff located an obituary for Mr. Newey, which confirmed he passed away in 2009 as a resident of La Grange, Illinois. La Grange is a village located in Cook County.

4. Based on the information in Mr. Newey's obituary, Plaintiff conducted a search of Cook County's Probate Division for any estates opened on behalf of Mr. Newey, though the Clerk of the Circuit Court. Plaintiff has not been able to identify an open (or closed) estate for Mr. Newey.

5. Therefore, Plaintiff asks the Court to appoint a special representative for the purpose of defending this case on behalf of the Estate of Arthur T. Newey.

## ARGUMENT

6. Federal Rule of Civil Procedure 25 provides that if "a party dies and [a] claim is not extinguished," a court may order substitution of a proper party, including a decedent's successor or representative. Fed. R. Civ. P. 25(a)(1). But the "Federal Rules of Civil Procedure are silent about the proper procedure when an individual dies before a complaint is filed." *Deleon-Reyes v. Guevera*, No. 18-cv-01028, ECF No. 182 at 2 (N.D. Ill. Mar. 14, 2019) (Exhibit 1.)

7. As the Northern District recently recognized in *Deleon-Reyes,*

With respect to cases under 42 U.S.C. § 1983, where federal law is "deficient in the provisions necessary to furnish suitable remedies and punish offenses against law," a federal court should look to the statutes of the state where it sits, to the extent such statutes are not inconsistent with the Constitution or federal law. Pursuant to this provision, the Seventh Circuit has looked to Illinois statutes to provide remedies in §

2

1983 cases where a plaintiff or defendant has died before a complaint is filed.

*Id.* at 3 (citing 42 U.S.C. § 1988(a); *Ward v. Edgeton*, 59 F.3d 652, 653 (7th Cir. 1995); *Anderson v. Romero*, 42 F.3d 1121 (7th Cir. 1994); *Stewart v. Special Adm'r of Estate of Mesrobian*, 559 F. App'x 543, 548–49 (7th Cir. 2014)).

8. "[T]hese Seventh Circuit decisions look to the Illinois statutory scheme allowing a court to appoint a 'special representative' where a person . . . against whom an action may be brought dies before the commencement of the action and the cause of action survives." *Deleon-Reyes*, ECF No. 182 at 3 (citing 735 ILCS 5/13-209; *Tamburo v. Dworkin*, No. 04 C 3317, 2012 WL 104545 (N.D. Ill. Jan. 11, 2012)).

9. Section 5/13-209 of the Illinois Code of Civil Procedure provides that, where a party against whom an action may be brought dies before the action is commenced and before the statute of limitations expires, the court "may appoint a special representative for the deceased party for the purposes of defending the action." 735 ILCS 5/13-209(b)(2). The statute further provides that "the recovery shall be limited to the proceeds of any liability insurance protecting the estate and shall not bar the estate from enforcing any claims that might have been available to it as counterclaims." *Id.*

10. Courts in the Northern District have thus found that "735 ILCS 5/13(b)(2), in combination with 42 U.S.C. § 1988, provides the authority for the Court to appoint a special representative for the deceased Defendants for purposes of defending [a civil rights] lawsuit." *Deleon-Reyes*, ECF No. 182 at 4 (citing *Ward*, 59 F.3d at 653, *Anderson*, 42 F.3d 1121; *Stewart*, 559 F. App'x at 548–49; *Tamburo*, 2012 WL 104545).

3

11. Consistent with that finding, numerous courts in this District – including this Court – have appointed special representatives in numerous civil rights cases where the plaintiff's claims against deceased defendants survived their death and the defendants had no open estates. *See Batchelor v. City of Chicago,* No. 18 C 8513, ECF No. 83 (N.D. Ill. Sep. 23, 2019) (appointing family members as special representatives); *Horton v. Rockford*, No. 18-cv-06829, ECF No. 82 (N.D. Ill. Jan. 15, 2019) (appointing widows of deceased defendants as special representatives**)**; *Savory v. Cannon*, No. 17 C 204, ECF No. 41 (N.D. Ill. Mar. 9, 2017) (appointing city clerk as special representative for deceased defendants in wrongful conviction case); *Starks v. Waukegan*, No. 09 C 348, ECF No. 208 (N.D. Ill. Jan. 15, 2014) (Order Appointing Special Administrator); *Rivera v. Lake County*, 974 F. Supp. 2d 1179, 1199 (N.D. Ill. 2013) (appointing special representative for deceased defendants in wrongful conviction case); Hicks, 2012 WL 1755735, at *1-2 (appointing spouse as representative of deceased party). In the past, this Court has also permitted the substitution of deceased defendants for the independent executors of their estate as party to an outstanding civil rights action. *See Brown v. Obaisi*, No. 16 CV 10422, 2018 WL 4467098, at *1, n. 1 (N.D. Ill. Sept. 18, 2018).

12. The constitutional and state-law claims Plaintiff has alleged against the Estates of Arthur Newey (*see generally* Dkt. No. 67, Ex. 1) survive his death. *See, e.g.*, 755 ILCS 5/7-6 (personal injury actions survive); *Anderson*, 42 F.3d at 1123 (§ 1983 suits survive a party's death); *Bennett v. Tucker*, 827 F.2d 63, 68 (7th Cir. 1987); *Hicks v. Young*, No. 10 C 3874, 2012 WL 1755735, at *1-2 (N.D. Ill. May 15, 2012). Plaintiff's suit was also commenced within the applicable statute of

limitations.

13. The Estate of Arthur T. Newey is a defendant from whom Plaintiff can recover under the Illinois indemnification statute. This statute requires the State of Illinois to indemnify the Estate because of Reid & Associates' consultation with the Naperville Police Department. *See* 5 ILCS 350/1(b) ("An individual who renders professional advice and consultation to the State through an organization which qualifies as an 'employee' under the Act is also an employee. The term includes the estate or personal representative of an employee.").[1]

14. Therefore, this Court should appoint a special representative for the Estate of Arthur T. Newey, so Plaintiff may pursue his claims against the Estate of Arthur Newey. The special representative need not be an heir of the decedent. Plaintiff has no preference as to who is appointed, so long as he or she participates in the case as required by the Federal Rules of Civil Procedure.

15. Plaintiff's counsel has been unable to confer about this motion with counsel for Defendants, as Defendants have been summoned but have not yet appeared in this litigation.

WHEREFORE, Plaintiff respectfully requests the Court enter an order appointing a special representative to defend this action on behalf of the Estate of Arthur T. Newey.

Dated: June 30, 2020                                  Respectfully submitted,

                                                      **WILLIAM AMOR**

---

[1] The applicability of this statute is an issue that this Court may have to address at some point in this litigation, but Plaintiff raises this issue because the appointment of a special representative is not a formality, but rather is a necessity to ensure that Plaintiff can obtain all available sources of recovery for his claims.

*/s/ Mariah Garcia*
One of Plaintiff's Attorneys

Jon Loevy
Tara Thompson
Mariah Garcia
LOEVY & LOEVY
311 N. Aberdeen St., 3rd Fl.
Chicago, IL 60607
(312) 243-5900 (phone)
mariah@loevy.com

**CERTIFICATE OF SERVICE**

I hereby certify that on June 30, 2020 I filed the foregoing document using the Court's CM/ECF system, which effected service on all counsel of record.

*/s/ Mariah Garcia*
One of Plaintiff's Attorneys