IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| WILLIAM AMOR, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 20-cv-01444 |
| | ) | |
| v. | ) | Hon. John Z. Lee |
| | ) | |
| JOHN REID & ASSOCIATES, et al., | ) | Mag. J. Jeffrey I. Cummings |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S REPLY TO DEFENDANT'S MOTION IN OPPOSITION
TO PLAINTIFF'S MOTION TO APPOINT SPECIAL REPRESENTATIVE**

Plaintiff submits this pleading in reply to Defendant Masokas' Memorandum in Opposition to Plaintiff's Motion to Appoint and Substitute Special Representative for Defendant Arthur T. Newey, Dkt. No. 26. In support of this motion, Plaintiff states:

**FACTUAL BACKGROUND**

In September 1997, Plaintiff was wrongfully convicted of aggravated arson and murder. This conviction was predicated on a false confession that was coerced by multiple people, including the Individual Defendants to this action and several officers within the Naperville Police Department ("NPD"). Plaintiff spent over twenty-years in prison on these charges before having his conviction vacated and, at a retrial, being acquitted of all wrongdoing on February 21, 2018.

Plaintiff subsequently filed a complaint in federal court against the City of Naperville, NPD, and the aforementioned officers. *See Amor v. Cross, et al.*, No. 1:18-cv-02523, Dkt. 1 (N.D. Ill. Apr. 9, 2018) (the "Naperville Case"). On February 18, 2020, Plaintiff filed a motion for leave to file an amended complaint and asked the Court to add several defendants to the suit,

including the Defendants in the present litigation. *See id*. at Dkt. 67. The Court denied Plaintiff's motion on February 25, 2020, due to concerns that the existing defendants would be prejudiced by a soon pending discovery deadline. *See id*. at Dkt. 73. *See also* Dkt. 26, Ex. A, 8:19-23. Two days later, on February 27, 2020, Plaintiff filed his complaint in the instant case (the "Reid Case"). *See* Plaintiff's Complaint, Dkt. No. 1. This Complaint contains federal and state law claims against defendants which were included in his proposed motion to amend the Naperville Case and which are, for all relevant purposes, identical to the those in the 2018 complaint in the Naperville Case.[1] *See* Naperville Case, Dkt. 67, Ex. 1, 11-20; Reid Case, Dkt. 1, 10-18.

Plaintiff properly named as a Defendant to this suit the Estate of Arthur T. Newey, who along with others interrogated Plaintiff and coerced him into giving a false confession. Reid Case, Dkt. 1, 3-4. Plaintiff then sought, pursuant to 735 ILCS 5/13-209 to appoint a special representative for Mr. Newey's estate for purposes of appointing a personal representative to defend Mr. Newey in this action. Reid Case, Dkt. 13. Plaintiff did so in order to facilitate the efficient progression of this litigation, without the need to re-open an estate for this same purpose.

Defendant Masokas takes no issue with the underlying merits of Plaintiff's request. His sole argument in opposition to this motion is that Plaintiff's claims are purportedly time-barred because they were filed more than two years after Mr. Amor's criminal proceedings terminated in his favor. *See* Reid Case, Dkt. 26, 2 ("[Defendant] agrees that [the appointment of a special representative for Newey under Section 13-209(b)(2)] would be the correct procedure, if Plaintiff's claims against Newey weren't already barred.")

---

[1] Both the complaint Plaintiff brought in 2018 and the Complaint in the instant case pled: several section 1983 constitutional claims, a malicious prosecution claim, an intentionally inflection of emotional distress claim, a state law conspiracy claim, and a claim of *respondeat superior*. Plaintiff brought an indemnification claim against the City of Naperville in his earlier pled complaint that he did not bring in the instant case.

This argument is easily disposed of, however, because Plaintiff's claims were tolled during the pendency of his motion for leave to amend the complaint in the Naperville Case, and thus were timely filed within the applicable statutory period in this action. As such, neither Plaintiff's Complaint nor his Motion to Appoint and Substitute Special Representative is time-barred. With Defendant Masokas raising no other objections, this Court should grant Plaintiff's motion so this case can move forward.[2]

## ARGUMENT

### I. PLAINTIFF'S CLAIMS HAVE A TWO-YEAR STATUTE OF LIMITATIONS

Plaintiff brings several federal and state law claims in this case, including: various section 1983 constitutional claims; a malicious prosecution claim, an intentional infliction of emotional distress claim, a state law conspiracy claim, and a claim of *respondeat superior*. *See* Reid Case, Dkt. 1, 10-18. Under applicable Illinois statutory and judicial law, each of these claims typically has a two-year statute of limitations period. *See* 735 ILCS 5/13-202 (providing a two-year statute of limitations period for malicious prosecution and personal injury torts); *see also Ray v. Maher*, 662 F.3d 770, 772-73 (7th Cir. 2011) (applying the two-year statute of limitations period under 735 ILCS 5/13-202 to section 1983 claims).

In the instant case, Plaintiff's statutory clock began to run on these claims on February 21, 2018 – the day he was acquitted of his charges. *See Heck v. Humphrey*, 512 U.S. 477, 489-90 (1994) ("[A] section 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated."). *See also Brown v. City of Chicago*, 2019 WL 4694685, at *5 (N.D. Ill. Sept. 26, 2019) (applying *Heck* to plaintiff's Fifth and Fourteenth Amendment claims, holding that statute of limitations

---

[2] Counsel for Defendant John Reid & Associates appeared after Defendant Masokas's response was filed. Defendant John Reid & Associates has taken no position on Plaintiff's motion.

period did not accrue until plaintiff was acquitted of his charges). Absent any applicable tolling provisions, the limitations period would have ended on February 21, 2020.

## II. THIS TIME PERIOD WAS TOLLED DURING THE PENDENCY OF HIS MOTION FOR LEAVE TO AMEND IN THE NAPERVILLE CASE

In this case, however, there is an applicable tolling provision. Under Seventh Circuit precedent, "the submission of a motion for leave to amend a complaint, properly accompanied by the proposed amended complaint providing notice of the substance of those amendments, tolls the statute of limitation" applicable to an action before the court until the court "renders its decisions regarding the proposed amended complaint." *Moore v. State of Ind.*, 999 F.2d 1125, 1131 (7th Cir. 1993). *See also Williams-Guice v. Bd. of Educ. of City of Chicago*, 45 F.3d 161, 164-65 (7th Cir. 1995) (holding that the Plaintiff's limitations period, which had been suspended pending a decision by the court on an application to proceed *in forma pauperis*, resumed running on the date of denial of the application). This means the statute of limitations period imposed on Plaintiff's claims were paused from the day he submitted his motion for leave to amend his complaint in the Naperville Case until the court's subsequent decision denying said motion.

## III. GIVEN THIS TOLLING, PLAINTIFF'S COMPLAINT WAS TIMELY FILED AND THIS COURT SHOULD RULE ON THE MERITS OF PLAINTIFF'S MOTION

The timing works out as follows: Plaintiff filed his motion for leave to amend his complaint on February 18, 2020, three days prior to the end of the statute of limitations period on his claims. *See* Exhibit A, Naperville Case, Dkt. 67. The court denied his motion on February 25, 2020. *See* Exhibit B, Naperville Case, Dkt. 73. Seven days were thus tolled from the limitations period. Only two days later, Plaintiff filed the Complaint in the instant case, pleading the same underlying claims against the same parties addressed in his motion for leave to amend. Reid Case, Dkt 1.

4

Plaintiff filed his claims within the tolled statute of limitations, and thus his claims are not time-barred. Defendants do not address the tolling issue in their response, and have offered no other basis to deny Plaintiff's motion. This Court therefore should address Plaintiff's Motion to Appoint and Substitute Special Representative for Defendant Newey, Reid Case, Dkt. No. 13, on the merits.

## CONCLUSION

For the reasons set forth above, and for the reasons stated in Plaintiff's Motion to Appoint and Substitute Special Representative for Defendant Arthur T. Newey, Plaintiff respectfully requests the Court enter an order opposing a special representative to defend this action on behalf of the Estate of Arthur T. Newey.

Respectfully submitted,

**WILLIAM AMOR**

/s/ Mariah Garcia
One of Plaintiff's Attorneys

Jon Loevy
Tara Thompson
Mariah Garcia
LOEVY & LOEVY
311 N. Aberdeen St., 3rd Fl.
Chicago, IL 60607
(312) 243-5900
mariah@loevy.com

## CERTIFICATE OF SERVICE

I hereby certify that on July 28, 2020, I filed the foregoing document using the Court's CM/ECF system, which effected service on all counsel of record.

/s/ Mariah Garcia
One of Plaintiff's Attorneys