**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| WILLIAM AMOR, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | No. 20 CV 1444 |
| *v.* | ) | |
| | ) | |
| JOHN REID & ASSOCIATES, INC., | ) | Hon. Judge Lee |
| MICHAEL MASOKAS, THE ESTATE OF | ) | |
| ARTHUR T. NEWEY, AND UNKNOWN | ) | |
| EMPLOYEES OF JOHN REID & | ) | Mag. Judge Cummings |
| ASSOCIATES, | ) | |
| | ) | |
| *Defendants*. | ) | |

**DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES, AND JURY DEMAND**
**TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

NOW COME Defendants John Reid & Associates, Inc. ("John Reid"), Michael Masokas ("Masokas"), the Estate of Arthur T. Newey ("Newey"), and Unknown Employees of John Reid & Associates ("Unknown Employees")(hereafter collectively referred to as the "Defendants"), by and through their attorneys, Lewis Brisbois Bisgaard & Smith LLP, and for their Answer, Affirmative Defenses, and Jury Demand to Plaintiff's First Amended Complaint, hereby state as follows:

## Introduction

1.     In September 1995, and continuing thereafter, the above-named Defendants entered into and executed a conspiracy to cause Plaintiff's unlawful arrest and subsequent prosecution for a murder and aggravated arson that he did not commit. The centerpiece of the conspiracy was Plaintiff's purported "confession," a statement which the Defendants assisted in coercing from Plaintiff through mental coercion, lies and improperly suggestive interrogation techniques. Additionally, Defendants falsely told Plaintiff that he flunked a polygraph examination. As a direct and proximate result of Defendants' egregious misconduct, Plaintiff was convicted and sentenced to 45 years imprisonment.  He served more than 20 years of wrongful incarceration. This lawsuit seeks redress for the extreme hardship and incalculable harm Defendants thereby caused Plaintiff to suffer.

**ANSWER:** **The Defendants admit, upon information and belief, that Plaintiff William Amor was convicted and sentenced to 45 years imprisonment, and that Plaintiff served more than 20 years in prison. The Defendants deny that they entered into a conspiracy. Defendants deny any all remaining allegations contained in Paragraph 1 of the Amended Complaint.**

## Jurisdiction

2.      This action is brought under 42 U.S.C. § 1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution and under Illinois state law.

**ANSWER**: **Defendants admit the allegations contained in Paragraph 2 of the Amended Complaint.**

3.      This Court has original jurisdiction of Plaintiff's federal claims pursuant to 28 U.S.C. § 1331, and supplemental jurisdiction of Plaintiff's state-law claims pursuant to 28 U.S.C. § 1367.

**ANSWER**: **Defendants admit the allegations contained in Paragraph 3 of the Amended Complaint.**

4.      Venue is proper under 28 U.S.C. § 1391(b) as the events and omissions giving rise to Plaintiff's claims occurred within this judicial district.

**ANSWER**: **Defendants admit that venue is proper in this court, and that the alleged events or omissions giving rise to Plaintiff's claims allegedly occurred within this judicial district. Defendant denies any wrongdoing or misconduct that Plaintiff alleges and denies any further allegations.**

## The Parties

5.      Plaintiff William Amor ("Plaintiff") is a resident and citizen of the state of Illinois.

**ANSWER**: **Defendants admit, upon information and belief, that Plaintiff William Amor is a resident and citizen of the State of Illinois.**

6.      Defendant John Reid & Associates, Inc. (hereinafter "Reid & Associates"), is a for-profit Illinois corporation with its principal place of business at 209 W. Jackson Blvd., Suite 400, Chicago, IL 60606. At all times relevant to the events described in this Complaint, Reid & Associates participated in the investigation and interrogation of Plaintiff by Naperville Police Department. It did so pursuant to an agreement with the City of Naperville to provide its officers with training, advice, and consultation in connection with the interrogation of individuals suspected of criminal activity. Many of those interrogations, including Plaintiff's, occurred at Reid & Associates' offices in Chicago. The City of Naperville regularly delegated to Reid & Associates and its employees the responsibilities of interrogating, testing, and eliciting statements from persons suspected of criminal activity. Defendant John Reid & Associates is liable for all torts committed by its employees pursuant to the doctrine of *respondeat superior*.

**ANSWER**: **Defendants admit that John Reid is a for-profit corporation with its principal place of business at 209 W. Jackson Blvd., Suite 400, Chicago, IL 60606. Defendants admit that Plaintiff underwent a polygraph test at John Reid's office. Defendants deny all remaining allegations contained in Paragraph 6 of the Amended Complaint.**

7.     Defendant Michael Masokas is the former Director of the Services Reid & Associates. At all times relevant to the events described in this Complaint, Defendant Masokas was an employee of Reid & Associates who directed, conducted, and participated in the police interrogation of Plaintiff and the investigation conducted by the Naperville Police Department. As such, Defendant Masokas was acting at all times under color of law and within the scope of his employment with Reid & Associates.

**ANSWER**: **Defendants admit that Michael Masokas is the former Director of Services at John Reid. The Defendants deny all remaining allegations contained in Paragraph 7 of the Amended Complaint.**

8.     Defendant Estate of Arthur T. Newey (hereinafter "Defendant Newey") was a former polygraph examiner at John Reid & Associates. At all times relevant to the events described in this Complaint, Defendant Newey was an employee of Defendant John Reid & Associates who directed, conducted, and participated in the police interrogation of Plaintiff and the investigation conducted by the Naperville Police Department. As such, Defendant Newey was acting at all times under color of law and within the scope of his employment with John Reid & Associates. Upon information and belief, Arthur Newey is deceased.

**ANSWER**: **Defendants admit that Arthur T. Newey was a former polygraph examiner at John Reid. The Defendants admit that Newey is now deceased. The Defendants deny all remaining allegations contained in Paragraph 8 of the Amended Complaint.**

9.     Defendant Unknown Employees of John Reid & Associates participated in the misconduct alleged in this Complaint. At all times relevant to the events described in this Complaint, these Unknown Employees of John Reid & Associates directed, conducted, and participated in the police interrogation of Plaintiff and the investigation conducted by the Naperville Police Department. As such, Defendant Unknown Employees of John Reid & Associates were acting at all times under color of law and within the scope of his/her/their employment with John Reid & Associates.

**ANSWER**: **Defendants deny the allegations contained in Paragraph 9 of the Amended Complaint.**

10.    Defendants Masokas, Newey, and the Unknown Employees of John Reid & Associates (collectively the "Individual Defendants") acted under color of law and within the scope of his or her or their employment. Each of the individual Defendants is sued his or her or their individual capacity unless otherwise noted.

**ANSWER**:    **Defendants admit that each Individual Defendant is being sued in their individual capacity, unless otherwise noted. The Defendants deny all remaining allegations contained in Paragraph 10 of the Amended Complaint.**

### Factual Background

*The Fire at 218 E. Bailey in Naperville*

11.    On or about September 10, 1995, Plaintiff resided at 218 E. Bailey in Naperville with his wife, Tina Amor (Ms. Amor") and his mother -in -law, Marianne Miceli ("Ms. Miceli").

**ANSWER**:    **Defendants admit, based on information and belief, the allegations of Paragraph 11 of the Amended Complaint.**

12.    Ms. Miceli called 911 and reported that there was a fire in the apartment.

**ANSWER**:    **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Amended Complaint.**

13.    The Naperville Fire Department ("NFD") arrived and began rescue efforts. Tragically, they were unable to save Ms. Miceli, who died as a result of smoke inhalation.

**ANSWER**:    **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Amended Complaint.**

14.    Plaintiff and his wife were not home at the time of the 911 call but returned home at 11:00 p.m., at which time they were informed of Ms. Miceli's death.

**ANSWER**:    **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Amended Complaint.**

15.    Employees of the Naperville Police Department, including Michael Cross and Robert Guerrieri, treated Plaintiff as a suspect and began questioning him at or around that time.

**ANSWER**:    **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Amended Complaint.**

16.    As the questioning continued into the early morning of September 11, 1995, Plaintiff repeatedly denied setting the fire.

**ANSWER**:    **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Amended Complaint.**

17.    On September 15, 1995, Plaintiff was arrested for outstanding warrants on unrelated traffic offenses in DeKalb County.

**ANSWER**:    **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Amended Complaint.**

18.    After that arrest, Michael Cross once again questioned Plaintiff about the fire.

**ANSWER**:    **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Amended Complaint.**

19.    Next, Plaintiff was transported to the DeKalb County Jail without appearing before a judge.

**ANSWER**:    **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Amended Complaint.**

20.    Plaintiff was held until October 3, 1995. Upon his release from the DeKalb County Jail, Cross and Guerrieri accosted Plaintiff outside the jail and took him, in a locked police car, to take multiple polygraph exams at Defendant John Reid & Associates' Office.

**ANSWER**:    **Defendants admit that Plaintiff took a single polygraph exam at John Reid's office and deny that there were multiple polygraph exams. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 20 of the Amended Complaint.**

21.    Plaintiff undertook several rounds of polygraph testing at Defendant Reid & Associates, which was administered by Defendant Masokas, Defendant Newey, and Defendant Unknown Employees of John Reid & Associates.

**ANSWER**:    **Defendants admit that Plaintiff undertook a single polygraph test administered by Defendant Masokas while Plaintiff was at John Reid's office. Defendants deny the remaining allegations contained in Paragraph 21 of the Amended Complaint.**

22.     After undergoing hours of polygraph testing and having spent seven hours with law enforcement, including Defendants, following his release from DeKalb County Jail, Defendants continued to question Plaintiff with the cooperation and involvement of the Naperville Police Department.

**ANSWER**:     **Defendants deny that Plaintiff underwent hours of polygraph testing and that Defendants' questioning of him was prolonged or improper in any respect, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the Amended Complaint.**

23.     Plaintiff was next transported at 11:30 p.m. to the Naperville Police Department ("NPD") for further interrogation.

**ANSWER**:     **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the Amended Complaint.**

24.     At all times prior to his arrival at the NPD at or around 11:30 p.m. on October 3, 1995, Plaintiff had unequivocally denied setting the fire.

**ANSWER**:     **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of the Amended Complaint.**

25.     After many more hours of interrogation, in the early morning hours of October 4, 1995, Cross and Guerrieri took written statements purporting to reflect that Plaintiff admitted involvement in setting the fire.

**ANSWER**:     **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of the Amended Complaint.**

26.     Specifically, the statements suggested that Plaintiff intentionally started the fire by knocking a lit cigarette onto a newspaper which he had previously spilled vodka on.

**ANSWER**:     **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of the Amended Complaint.**

27.     The aforementioned statements were fabricated as a result of mental and emotional abuse, including but not limited mental abuse perpetuated by Defendants during their interrogation of him at Reid & Associates.  The Naperville Police Department further abused Plaintiff during their interrogation of him, including physical abuse – including but not limited to Brian Cunningham slamming Plaintiff against the wall – and verbal intimidation by Cross, Guerrieri, and others upon Plaintiff.  That abuse, combined with prolonged deprivation of food and sleep by Defendants and the Naperville Police Department as well as emotional impairment from the manner in which Defendants interrogated Plaintiff caused Plaintiff to falsely confess.

**ANSWER**:     **Defendants deny that Plaintiff's statements were the result of any mental or other abuse perpetuated by them. Defendants deny that they deprived Plaintiff of food or**

sleep or caused him any emotional impairment. **Defendants deny that they did anything to cause Plaintiff to falsely confess. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 27 of the Amended Complaint.**

28.     The Individual Defendants all participated in the conduct that led Plaintiff to falsely confess.

**ANSWER**:     **Defendants deny the allegations contained in Paragraph 28 of the Amended Complaint.**

### Defendants Target Plaintiff

29.     The Individual Defendants determined at the time they became involved in the investigation that they would accuse Plaintiff of intentionally setting the fire.

**ANSWER**:     **Defendants deny the allegations contained in Paragraph 29 of the Amended Complaint.**

30.     Despite the lack of any credible information suggesting that Plaintiff was involved in setting the fire, the Individual Defendants targeted him.

**ANSWER**:     **Defendants deny the allegations contained in Paragraph 30 of the Amended Complaint.**

31.     The Individual Defendants entered into a conspiracy amongst themselves and with members of the Naperville Police Department, including but not limited to Cross, Guerrieri, and Cunningham to falsely implicate Plaintiff by any means necessary.

**ANSWER**:     **Defendants deny the allegations contained in Paragraph 31 of the Amended Complaint.**

### Defendants Fabricate Evidence against Plaintiff

32.     As set forth above, Plaintiff was interrogated by the Individual Defendants at various times.

**ANSWER**:     **Defendants incorporate their foregoing answers in connection with the allegations "as set forth above." Defendants deny any inconsistent allegations contained in Paragraph 32 of the Amended Complaint.**

33.     Plaintiff consistently denied he had set the fire.

**ANSWER**:     **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 of the Amended Complaint.**

34. All of the Individual Defendants were aware that each of them were threatening and abusing Plaintiff in attempt to extract inculpatory statements from him.

**ANSWER**: **Defendants deny the allegations contained in Paragraph 34 of the Amended Complaint.**

35. The Individual Defendants knew that any inculpatory statement by Plaintiff was fabricated, and that Plaintiff only gave the statements as the result of the physical and mental coercion to which they participated in subjecting him. They further knew that Plaintiff had not failed a polygraph exam administered by them, and that any confession he gave was not the result of being confronted with the results of a failed polygraph test and choosing to come clean as a result.

**ANSWER**: **Defendants deny the allegations contained in Paragraph 35 of the Amended Complaint.**

36. The Individual Defendants subsequently memorialized a false account of their interrogation of Plaintiff, which was used to support the charges against Plaintiff and deny him bond pending trial.

**ANSWER**: **Defendants deny the allegations contained in Paragraph 36 of the Amended Complaint.**

37. There was never probable cause to believe that Plaintiff intentionally set the fire or to support the arrest and/or prosecution of Plaintiff.

**ANSWER**: **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37 of the Amended Complaint.**

*Plaintiff's Charges, Trial, and Conviction*

38. Based on Plaintiff's "confession," Plaintiff was charged with first- degree murder and aggravated arson.

**ANSWER**: **Defendants admit, upon information and belief, that William Amor was charged with first degree murder and aggravated arson. Defendants lack knowledge sufficient to form a belief as to whether the charges were based on his confession.**

39. Plaintiff's "confession" was used by the State and relied on by the trial court in denying Plaintiff bond.

**ANSWER**: **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 of the Amended Complaint.**

40.    At Plaintiff's trial, the key evidence connecting Plaintiff to the offense was the fabricated statements and confession attributed to Plaintiff by the Individual Defendants and the members of the Naperville Police Department with which they conspired.

**ANSWER**:    **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40 of the Amended Complaint.**

41.    On September 17, 1997, following a trial, Plaintiff was convicted of both aggravated arson and first-degree murder.

**ANSWER**:    **Defendants admit, upon information and belief, that William Amor was convicted of first degree murder and aggravated arson.**

### *Confession Shown to be "Scientifically Impossible" At Evidentiary Hearing*

42.    On January 29, 2015, Plaintiff was granted leave to file a Petition For Post-Conviction Relief based upon his assertion that he was actually innocent of the crimes for which he had been convicted.

**ANSWER**:    **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42 of the Amended Complaint.**

43.    Plaintiff's claims advanced to a third-stage evidentiary hearing in DuPage County.

**ANSWER**:    **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43 of the Amended Complaint.**

44.    After that hearing, on April 6, 2017, the Circuit Court of DuPage County vacated Plaintiff's convictions, explaining that "There can be  no question  that the lynchpin of the State's case at trial was the Defendants confession, which the State and Defense experts today agree is scientifically impossible."

**ANSWER**:    **Defendants admit, based on court records, the allegations contained in Paragraph 44 of the Amended Complaint.**

45.    On May 30, 2017, Amor was released pending a retrial.

**ANSWER**:    **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45 of the Amended Complaint.**

46.    On February 21, 2018, Plaintiff was acquitted after a bench trial.

**ANSWER**:    **Defendants admit, based on court records, that Plaintiff was acquitted following a bench trial on February 21, 2018.**

*Plaintiff's Damages*

47.     As a result of the Defendants' misconduct, Plaintiff spent over twenty (20) years incarcerated for a crime he did not commit. Plaintiff endured the stigma of having perpetrated the brutal aggravated arson and murder of his mother-in-law in which he had no involvement. Even more so, Plaintiff suffered incalculable mental anguish and emotional pain stemming from his lengthy incarceration. He missed spending hundreds of holidays, birthdays, and social gatherings with family and friends. Plaintiff was locked up in an environment where any day he could have been beaten, sexually assaulted, or even murdered. Plaintiff languished in his prison cell, not knowing if he would spend the remainder of his life behind prison walls.

**ANSWER**:     **Defendants admit, based upon information and belief, that Plaintiff spent over 20 years incarcerated. Defendants deny that Plaintiff has endured the stigma of having perpetrated the brutal aggravated arson and murder of his mother in law. Defendants deny that Plaintiff suffered incalculable mental anguish and emotional pain stemming from his incarceration. Defendants deny any wrongdoing or misconduct. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 47 of the Amended Complaint.**

48.     Plaintiff's damages include, but are not limited to, emotional distress, mental anguish, humiliation, loss of liberty, loss of freedom of movement, loss of enjoyment of life, loss of consortium, and other non-pecuniary losses.

**ANSWER**:     **Defendants deny that Plaintiff has suffered any damages, losses, or injury as a result of any misconduct or wrongdoing on the part of the Defendants.**

## Causes of Action

## COUNT I

### 42 U.S.C. § 1983 – 14th Amendment Due Process

49.     Each foregoing paragraph of this Complaint is incorporated as if fully set forth herein.

**ANSWER**:     **Defendants incorporate each of the answers to the foregoing paragraphs as their answer to this paragraph as if fully set forth herein.**

50.     As described more fully above, all of the Defendants, while acting individually, jointly, and in conspiracy, as well as under color of law and within the scope of their employment, deprived Plaintiff of his constitutional right to due process by deliberately fabricating statements, reports, and other evidence.

**ANSWER**:     **Defendants incorporate each of the answers to the foregoing paragraphs as their answer to this paragraph as if fully set forth herein. Defendants deny the allegations contained in paragraph 50.**

51.     The Defendants' misconduct described herein was objectively unreasonable and was undertaken with deliberate indifference to Plaintiff's constitutional rights.

**ANSWER**:     **Defendants incorporate each of the answers to the foregoing paragraphs as their answer to this paragraph as if fully set forth herein. Defendants deny the allegations contained in paragraph 51.**

52.     The Defendants' misconduct described herein shocks the conscience.

**ANSWER**:     **Defendants incorporate each of the answers to the foregoing paragraphs as their answer to this paragraph as if fully set forth herein. Defendants deny the allegations contained in paragraph 52.**

53.     As a direct and proximate result of the misconduct described herein, Plaintiff was charged with aggravated arson and first-degree murder.

**ANSWER**:     **Defendants incorporate each of the answers to the foregoing paragraphs as their answer to this paragraph as if fully set forth herein. Plaintiff being charged was not the result of any misconduct on the part of the Defendants.  Defendants specifically deny any misconduct described herein.**

54.     As a further direct and proximate result of the misconduct described herein, Plaintiff was denied bond and detained in the county jail prior to trial.

**ANSWER**:     **Defendants incorporate each of the answers to the foregoing paragraphs as their answer to this paragraph as if fully set forth herein. Plaintiff's denial of bond and being detained in the county jail prior to trial was not the result of any misconduct on the part of the Defendants. Defendants specifically deny any misconduct described herein.**

55.     As a further direct and proximate result of the misconduct described herein, Plaintiff suffered injuries, including but not limited to loss of liberty, emotional distress, and mental anguish as more fully described above.

**ANSWER**:     **Defendants incorporate each of the answers to the foregoing paragraphs as their answer to this paragraph as if fully set forth herein. Defendants deny the allegations contained in paragraph 55.**

56.     Plaintiff's injuries were caused by the policies, practices and customs of Defendant Reid & Associates.

**ANSWER**:     **Defendants incorporate each of the answers to the foregoing paragraphs as their answer to this paragraph as if fully set forth herein. Defendants deny the allegations contained in paragraph 56.**

57.     At all times relevant to the events described in this Complaint and for a period of time prior thereto, Defendant Reid & Associates promulgated rules, regulations, policies, and procedures for the conduct of interrogation, testing, and questioning of criminal suspects by its employees and agents.

**ANSWER**:     **Defendants incorporate each of the answers to the foregoing paragraphs as their answer to this paragraph as if fully set forth herein. Defendants deny the allegations contained in paragraph 57.**

58.     In addition, at all times relevant to the events described in this Complaint and for a period of time prior thereto, Reid & Associates had notice of a widespread practice by its agents and employees under which individuals suspected of criminal activity, such as Plaintiff, were routinely coerced against their will to implicate themselves in crimes that they had not committed. It was common that suspects interrogated in connection with investigations in which Reid & Associates agents and employees participated falsely confessed, under extreme duress and after suffering abuse, to committing crimes to which they had no connection and for which there was scant evidence to suggest that they were involved.

**ANSWER**:     **Defendants incorporate each of the answers to the foregoing paragraphs as their answer to this paragraph as if fully set forth herein. Defendants deny the allegations contained in paragraph 58.**

59.     Specifically, at all relevant times and for a period of time prior thereto, there existed a widespread practice among employees and agents of Reid & Associates under which criminal suspects were coerced to involuntarily implicate themselves by various means, including but not limited to the following:

(1) individuals, including minors and individuals with mental disabilities and psychiatric conditions, were subjected to unreasonably long and uninterrupted interrogations, often lasting for many hours;

(2) individuals were subjected to actual and threatened physical and psychological violence;

(3) individuals were interrogated at length without proper protection of their constitutional right to have an attorney present or to remain silent;

(4) individuals were forced to sign false statements fabricated by the police with the involvement of Reid & Associates officers and agents;

(5) employees and agents were permitted to lead or participate in interrogations without proper training and without knowledge of the safeguards necessary to ensure that individuals were not subjected to abusive conditions and did not confess involuntarily or falsely;

(6) supervisors with knowledge of permissible and impermissible interrogation techniques did not properly supervise or discipline employees and agents such that the coercive interrogations continued unchecked; and

(7) Reid & Associates employees and agents prepared false reports and documentation and provided false testimony in order to fabricate false evidence of the circumstances of interrogations and to withhold exculpatory evidence of the true nature of Reid & Associates' involvement in unlawful interrogations.

**ANSWER**: **Defendants incorporate each of the answers to the foregoing paragraphs as their answer to this paragraph as if fully set forth herein. Defendants deny the allegations contained in paragraph 59, including the allegations in paragraphs 59 (1) through (7), inclusive.**

60. These widespread practices were allowed to flourish because the leaders, supervisors and policymakers of Reid & Associates directly encouraged and were thereby the moving force behind the very type of misconduct at issue by failing to adequately train, supervise, and control their officers, agents, and employees on proper interrogation techniques and by failing to adequately punish and discipline prior instances of similar misconduct, thus directly encouraging future abuses such as those affecting Plaintiff.

**ANSWER**: **Defendants incorporate each of the answers to the foregoing paragraphs as their answer to this paragraph as if fully set forth herein. Defendants deny the allegations contained in paragraph 60.**

61. The above widespread practices, so well settled as to constitute *de facto* policy of Reid & Associates, were able to exist and thrive because policymakers with authority over the same exhibited deliberate indifference to the problem, thereby effectively ratifying it.

**ANSWER**: **Defendants incorporate each of the answers to the foregoing paragraphs as their answer to this paragraph as if fully set forth herein. Defendants deny the allegations contained in paragraph 61.**

62. In addition, the misconduct described in this Complaint was undertaken pursuant to the policy and practice of Defendant Reid & Associates in that the constitutional violations committed against Plaintiff were committed with the knowledge or approval of persons with final policymaking authority for Reid & Associates or were actually committed by persons with such final policymaking authority.

**ANSWER**: **Defendants incorporate each of the answers to the foregoing paragraphs as their answer to this paragraph as if fully set forth herein. Defendants deny the allegations contained in paragraph 62.**

63. The policies, practices, and customs set forth above have resulted in numerous well-publicized false confessions, including the false confession at issue in this Complaint, in which individuals were convicted of crimes that they did not commit after being subjected to abusive interrogation techniques. These confessions include but are not limited to the following:

    a. In *In re Elias V.*, 327 Cal. App. 4th 568 (2015), a 13-year-old's confession was rendered involuntary because his will was overcome by the police officers' use of

the Reid Technique, which the Court found uses a "cluster of tactics designed to convey . . . the interrogator's rock solid belief that the suspect is guilty and all denials will fail . . . ."

b. In October of 1992, Reid & Associates, including Defendant Masokas and Arthur Newey, participated in an interrogation of 19-year-old Juan Rivera that lasted on and off over four days, including 24 hours of near constant interrogation at the offices of the Lake County Major Crimes Task Force and the interrogation rooms of Reid & Associates. During this interrogation, those involved, including Masokas, were aware that Rivera had trouble understanding spoken English and had almost no ability to read or write English. After his interrogation, Mr. Rivera's IQ score placed him within the lower 10 percent of the population, and he had a documented history of psychological and emotional problems, including previous suicide attempts, including receiving psychiatric care and medications. Masokas and others involved in Mr. Rivera's interrogation were aware that he had these vulnerabilities, and further knew they had deprived him of sleep, and they acted to exploit Mr. Rivera's intellectual and emotional weaknesses to secure a false confession from Mr. Rivera. Mr. Rivera was later wrongfully convicted as a result of Masokas' and others' actions, until forensic DNA testing showed he was innocent and his conviction was ultimately vacated.

c. The founder of John Reid and Associates – John Reid himself – had a case overturned based on a false confession he obtained through the Reid technique. On December 21, 1995, Reid spent 12 hour interrogating Darrel Parker on the tragic death of his wife. During the interrogation, Reid employed hallmarks of the Reid technique such as: questioning Parker while he was hooked up to a polygraph machine, feeding Parker a false narrative of the alleged crime, and insisting that Parker was guilty. Parker was eventually induced into giving a false confession, which he soon-thereafter attempted to recant. Years later, a different man admitted to killing Parker's wife – and many other women – in a posthumous memoir, which eventually led to Parker being granted an exoneration, nearly half a century after his wrongful conviction.

**ANSWER**: **Defendants incorporate each of the answers to the foregoing paragraphs as their answer to this paragraph as if fully set forth herein. Defendants deny the characterization and allegations of paragraph 63 including the allegations contained in paragraph 63 (a) through (c), inclusive. Defendants specifically deny an misconduct alleged.**

64. Plaintiff's injuries were caused by employees and agents of Reid & Associates, including but not limited to the individually named Defendants, who acted pursuant to the policies, practices, and customs set forth above in engaging in the misconduct described in this Complaint.

**ANSWER**: **Defendants incorporate each of the answers to the foregoing paragraphs as their answer to this paragraph as if fully set forth herein. Defendants deny the allegations contained in paragraph 64.**

## COUNT II

### 42 U.S.C. § 1983 – 5th and 14th Amendment Due Process
### Coerced Confession

65.     Each foregoing paragraph of this Complaint is incorporated as if fully set forth herein.

**ANSWER**:    **Defendants incorporate each of the answers to the foregoing paragraphs as their answer to this paragraph as if fully set forth herein.**

66.     As described more fully above, all of the Defendants, while acting individually, jointly, and in conspiracy with themselves and members of the Naperville Police Department, deprived Plaintiff of his constitutional right to be free from compelled self-incrimination.

**ANSWER**:    **Defendants incorporate each of the answers to the foregoing paragraphs as their answer to this paragraph as if fully set forth herein. Defendants deny the allegations contained in paragraph 66.**

67.     As described more fully above, the Defendants coerced Plaintiff through physical violence, emotional and mental abuse.

**ANSWER**:    **Defendants incorporate each of the answers to the foregoing paragraphs as their answer to this paragraph as if fully set forth herein. Defendants deny the allegations contained in paragraph 67.**

68.     As a result of the misconduct described herein, the Defendants compelled Plaintiff and, in conspiracy with others, extracted a false confession from him.

**ANSWER**:    **Defendants incorporate each of the answers to the foregoing paragraphs as their answer to this paragraph as if fully set forth herein. Defendants deny the allegations contained in paragraph 68.**

69.     The Defendants' misconduct described herein was objectively unreasonable and was undertaken with deliberate indifference to Plaintiff's constitutional rights.

**ANSWER**:    **Defendants incorporate each of the answers to the foregoing paragraphs as their answer to this paragraph as if fully set forth herein. Defendants deny the allegations contained in paragraph 69.**

70.     The Defendants' misconduct described herein shocks the conscience.

**ANSWER**:    **Defendants incorporate each of the answers to the foregoing paragraphs as their answer to this paragraph as if fully set forth herein. Defendants deny the allegations contained in paragraph 70.**

71.     As a direct and proximate result of the misconduct described herein, Plaintiff was charged with aggravated arson and first-degree murder.

**ANSWER**:     **Defendants incorporate each of the answers to the foregoing paragraphs as their answer to this paragraph as if fully set forth herein. Plaintiff being charged was not the result of any misconduct on the part of the Defendants. Defendants specifically deny any misconduct described herein.**

72.     As a further direct and proximate result of the misconduct described herein, Plaintiff was denied bond and detained in the county jail prior to trial.

**ANSWER**:     **Defendants incorporate each of the answers to the foregoing paragraphs as their answer to this paragraph as if fully set forth herein. Plaintiff being denied bond and detained in the county jail prior to trial was not the result of any misconduct on the part of the Defendants. Defendants specifically deny any misconduct described herein.**

73.     As a further direct and proximate result of the misconduct described herein, Plaintiff was convicted of aggravated arson and first-degree murder.

**ANSWER**:     **Defendants incorporate each of the answers to the foregoing paragraphs as their answer to this paragraph as if fully set forth herein. Plaintiff's conviction was not the result of any misconduct on the part of the Defendants. Defendants specifically deny any misconduct described herein.**

74.     As a further direct and proximate result of the misconduct described herein, Plaintiff suffered injuries, including but not limited to loss of liberty, emotional distress, and mental anguish as more fully described above.

**ANSWER**:     **Defendants incorporate each of the answers to the foregoing paragraphs as their answer to this paragraph as if fully set forth herein. Defendants deny the allegations contained in paragraph 74.**

75.     Plaintiff's injuries were caused by the policies, practices and customs of Defendant Reid & Associates, as set forth in Count I above, which were implemented by employees and agents of Reid & Associates including the individually named Defendants, who acted pursuant to these policies, practices and customs set forth above in engaging in the misconduct described in this Count.

**ANSWER**:     **Defendants incorporate each of the answers to the foregoing paragraphs as their answer to this paragraph as if fully set forth herein. Defendants deny the allegations contained in paragraph 75.**

## COUNT III

### 42 U.S.C. § 1983 – Fourth and Fourteenth Amendments
### Unlawful Detention

76.     Each foregoing paragraph of this Complaint is incorporated as if fully set forth herein.

**ANSWER**:   **Defendants incorporate each of the answers to the foregoing paragraphs as their answer to this paragraph as if fully set forth herein.**

77.     In the manner described more fully above, the Defendants, individually, jointly, and in conspiracy with one another as well as with members of the Naperville Police Department, as well as under color of law and within the scope of their employment, accused Plaintiff of criminal activity and exerted influence to initiate, continue, and perpetuate judicial proceedings against Plaintiff without any probable cause for doing so and in spite of the fact that they knew Plaintiff was innocent, in violation of his rights secured by the Fourth and Fourteenth Amendments.

**ANSWER**:   **Defendants incorporate each of the answers to the foregoing paragraphs as their answer to this paragraph as if fully set forth herein. Defendants deny the allegations contained in paragraph 77.**

78.     In doing so, these Defendants caused Plaintiff to be deprived of his liberty without probable cause and subjected improperly to judicial proceedings for which there was no probable cause. These judicial proceedings were instituted and continued maliciously, resulting in injury.

**ANSWER**:   **Defendants incorporate each of the answers to the foregoing paragraphs as their answer to this paragraph as if fully set forth herein. Defendants deny the allegations contained in paragraph 78.**

79.     The misconduct described in this Count was objectively unreasonable and was undertaken intentionally, and with malice.

**ANSWER**:    **Defendants incorporate each of the answers to the foregoing paragraphs as their answer to this paragraph as if fully set forth herein. Defendants deny the allegations contained in paragraph 79.**

80.     As a further direct and proximate result of the misconduct described herein, Plaintiff suffered injuries, including but not limited to loss of liberty, emotional distress, and mental anguish as more fully described above.

**ANSWER**:   **Defendants incorporate each of the answers to the foregoing paragraphs as their answer to this paragraph as if fully set forth herein. Defendants deny the allegations contained in paragraph 80.**

81.     Plaintiff's injuries were caused by the policies, practices and customs of Defendant Reid & Associates, as set forth in Count I above, which were implemented by employees and agents of Reid & Associates including the individually named Defendants, who acted pursuant to these policies, practices and customs set forth above in engaging in the misconduct described in this Count.

**ANSWER**:     **Defendants incorporate each of the answers to the foregoing paragraphs as their answer to this paragraph as if fully set forth herein. Defendants deny the allegations contained in paragraph 81.**

## COUNT IV
### 42 U.S.C. § 1983 – Conspiracy to Deprive Constitutional Rights

82.     Each foregoing paragraph of this Complaint is incorporated as if fully set forth herein.

**ANSWER**:     **Defendants incorporate each of the answers to the foregoing paragraphs as their answer to this paragraph as if fully set forth herein.**

83.     As described more fully above, as a result of the fire, Defendants reached an agreement amongst themselves and with members of the Naperville Police Department to frame Plaintiff for the crime and to thereby deprive Plaintiff of his constitutional rights as described in the Counts above.

**ANSWER**:     **Defendants incorporate each of the answers to the foregoing paragraphs as their answer to this paragraph as if fully set forth herein. Defendants deny the allegations contained in paragraph 83.**

84.     As described more fully above, all of the Defendants had knowledge of and/or participated in the fabrication of evidence against Plaintiff.

**ANSWER**:     **Defendants incorporate each of the answers to the foregoing paragraphs as their answer to this paragraph as if fully set forth herein. Defendants deny the allegations contained in paragraph 84.**

85.     As described more fully above, all of the Defendants were aware that Plaintiff's false confession was the product of physical and mental coercion.

**ANSWER**:     **Defendants incorporate each of the answers to the foregoing paragraphs as their answer to this paragraph as if fully set forth herein. Defendants deny the allegations contained in paragraph 85.**

86.     In this manner, the Defendants conspired by concerted action to accomplish an unlawful purpose by an unlawful means.

**ANSWER**:     **Defendants incorporate each of the answers to the foregoing paragraphs as their answer to this paragraph as if fully set forth herein. Defendants deny the allegations contained in paragraph 86.**

87.     In furtherance of the conspiracy, each of the co-conspirators committed overt acts and was an otherwise willful participant in joint activity.

**ANSWER**:     **Defendants incorporate each of the answers to the foregoing paragraphs as their answer to this paragraph as if fully set forth herein. Defendants deny the allegations contained in paragraph 87.**

88.     The Defendants' misconduct described herein was objectively unreasonable and was undertaken with deliberate indifference to Plaintiff's constitutional rights.

**ANSWER**:     **Defendants incorporate each of the answers to the foregoing paragraphs as their answer to this paragraph as if fully set forth herein. Defendants deny the allegations contained in paragraph 88.**

89.     The Defendants' misconduct described herein shocks the conscience.

**ANSWER**:     **Defendants incorporate each of the answers to the foregoing paragraphs as their answer to this paragraph as if fully set forth herein. Defendants deny the allegations contained in paragraph 89.**

90.     As a direct and proximate result of the misconduct described herein, Plaintiff was charged with aggravated arson and first-degree murder.

**ANSWER**:     **Defendants incorporate each of the answers to the foregoing paragraphs as their answer to this paragraph as if fully set forth herein. Plaintiff being charged   was not a result of any misconduct on the part of the Defendant. Defendants specifically deny any misconduct described herein.**

91.     As a further direct and proximate result of the misconduct described herein, Plaintiff was denied bond and detained in the county jail prior to trial.

**ANSWER**:     **Defendants incorporate each of the answers to the foregoing paragraphs as their answer to this paragraph as if fully set forth herein. Plaintiff being denied bond and detained in the county jail prior to trial was not a result of any misconduct on the part of the Defendants. Defendants specifically deny any misconduct described herein.**

92.     As a further direct and proximate result of the misconduct described herein, Plaintiff was convicted of aggravated arson and first-degree murder.

**ANSWER**:     **Defendants incorporate each of the answers to the foregoing paragraphs as their answer to this paragraph as if fully set forth herein. Plaintiff's conviction was not a result of any misconduct on the part of the Defendants. Defendants specifically deny any misconduct described herein.**

93.     As a further direct and proximate result of the misconduct described herein, Plaintiff suffered injuries, including but not limited to loss of liberty, emotional distress, and mental anguish as more fully described above.

**ANSWER**:     **Defendants incorporate each of the answers to the foregoing paragraphs as their answer to this paragraph as if fully set forth herein. Defendants deny the allegations contained in paragraph 93.**

## COUNT V

### 42 U.S.C. § 1983 – Failure to Intervene

94.     Each foregoing paragraph of this Complaint is incorporated as if fully set forth herein.

**ANSWER**:     **Defendants incorporate each of the answers to the foregoing paragraphs as their answer to this paragraph as if fully set forth herein.**

95.     As described more fully above, during the constitutional violations alleged herein, one or more of the Defendants stood by without intervening to prevent the misconduct.

**ANSWER**:     **Defendants incorporate each of the answers to the foregoing paragraphs as their answer to this paragraph as if fully set forth herein. Defendants deny the allegations contained in paragraph 95.**

96.     The Defendants' misconduct described herein was objectively unreasonable and was undertaken with deliberate indifference to Plaintiff's constitutional rights.

**ANSWER**:     **Defendants incorporate each of the answers to the foregoing paragraphs as their answer to this paragraph as if fully set forth herein. Defendants deny the allegations contained in paragraph 96.**

97.     As a direct and proximate result of the misconduct described herein, Plaintiff was charged with aggravated arson and first-degree murder.

**ANSWER**:    **Defendants incorporate each of the answers to the foregoing paragraphs as their answer to this paragraph as if fully set forth herein. Plaintiff being charged with aggravated arson and first degree murder was not a result of any misconduct on the part of the Defendants. Defendants specifically deny any misconduct described herein.**

98.     As a further direct and proximate result of the misconduct described herein, Plaintiff was denied bond and detained in the county jail prior to trial.

**ANSWER**:    **Defendants incorporate each of the answers to the foregoing paragraphs as their answer to this paragraph as if fully set forth herein. Plaintiff being denied bond and detained in the county jail prior to trial was not a result of any misconduct on the part of the Defendants.  Defendants specifically deny any misconduct described herein.**

99.     As a further direct and proximate result of the misconduct described herein, Plaintiff was convicted of aggravated arson and first-degree murder.

**ANSWER**:    **Defendants incorporate each of the answers to the foregoing paragraphs as their answer to this paragraph as if fully set forth herein. Plaintiff's conviction was not a result of any misconduct on the part of the Defendants. Defendants specifically deny any misconduct described herein.**

100.     As a further direct and proximate result of the misconduct described herein, Plaintiff suffered injuries, including but not limited to loss of liberty, emotional distress, and mental anguish as more fully described above.

**ANSWER**:    **Defendants incorporate each of the answers to the foregoing paragraphs as their answer to this paragraph as if fully set forth herein. Defendants deny the allegations contained in paragraph 100.**

## COUNT VI

### Illinois State Law – Malicious Prosecution

101.     Each foregoing paragraph of this Complaint is incorporated as if fully set forth herein.

**ANSWER**:    **Defendants incorporate each of the answers to the foregoing paragraphs as their answer to this paragraph as if fully set forth herein.**

102.    As described more fully above, the Defendants knowingly and maliciously initiated and/or caused judicial proceedings to continue against Plaintiff without probable cause.

**ANSWER**:    **Defendants incorporate each of the answers to the foregoing paragraphs as their answer to this paragraph as if fully set forth herein. Defendants deny the allegations contained in paragraph 102.**

103.    The prosecution terminated in Plaintiff's favor on February 21, 2018, when Plaintiff was acquitted.

**ANSWER**:    **Defendants incorporate each of the answers to the foregoing paragraphs as their answer to this paragraph as if fully set forth herein. Defendants deny the allegations contained in paragraph 103.**

104.    As a further direct and proximate result of the misconduct described herein, Plaintiff suffered injuries, including but not limited to loss of liberty, emotional distress, and mental anguish as more fully described above.

**ANSWER**:    **Defendants incorporate each of the answers to the foregoing paragraphs as their answer to this paragraph as if fully set forth herein. Defendants deny the allegations contained in paragraph 104.**

## COUNT VII

### Illinois State Law – Intentionally *[sic]* Infliction of Emotional Distress

105.    Each foregoing paragraph of this Complaint is incorporated as if fully set forth herein.

**ANSWER**:    **Defendants incorporate each of the answers to the foregoing paragraphs as their answer to this paragraph as if fully set forth herein.**

106.    As described more fully above, the Defendants' misconduct was extreme and outrageous.

**ANSWER**:    **Defendants incorporate each of the answers to the foregoing paragraphs as their answer to this paragraph as if fully set forth herein. Defendants deny the allegations contained in paragraph 106.**

107.    As described more fully above, the Defendants intended to cause, or were in reckless disregard of the probability that their misconduct would cause, severe emotional distress to Plaintiff.

**ANSWER**:    **Defendants incorporate each of the answers to the foregoing paragraphs as their answer to this paragraph as if fully set forth herein. Defendants deny the allegations contained in paragraph 107.**

108.    As a direct and proximate result of the misconduct described herein, Plaintiff suffered injuries, including but not limited to severe emotional distress and mental anguish as more fully described above.

**ANSWER**:    **Defendants incorporate each of the answers to the foregoing paragraphs as their answer to this paragraph as if fully set forth herein. Defendants deny the allegations contained in paragraph 108.**

## COUNT VIII

### Illinois State Law – Conspiracy

109.    Each foregoing paragraph of this Complaint is incorporated as if fully set forth herein.

**ANSWER**:    **Defendants incorporate each of the answers to the foregoing paragraphs as their answer to this paragraph as if fully set forth herein.**

110.    As described more fully above, the Defendants together reached an understanding, engaged in a course of conduct, engaged in a joint action, and otherwise conspired among and between themselves and others to maliciously prosecute Plaintiff without probable cause and to intentionally inflict emotional distress.

**ANSWER**:    **Defendants incorporate each of the answers to the foregoing paragraphs as their answer to this paragraph as if fully set forth herein. Defendants deny the allegations contained in paragraph 110.**

111.    As described more fully above, in furtherance of the conspiracy, the Defendants committed overt acts including the fabrication and unlawful coercion of Plaintiff's "confession," and the falsification of witness statements in police reports.

**ANSWER**:    **Defendants incorporate each of the answers to the foregoing paragraphs as their answer to this paragraph as if fully set forth herein. Defendants deny the allegations contained in paragraph 111.**

112.    The conspiracy alleged herein was initiated on or about September 10, 1995 and continues to the present.

**ANSWER**:    **Defendants incorporate each of the answers to the foregoing paragraphs as their answer to this paragraph as if fully set forth herein. Defendants deny the allegations contained in paragraph 112.**

113.    As a direct and proximate result of the misconduct described herein, Plaintiff suffered injuries, including but not limited to loss of liberty, emotional distress, and mental anguish as more fully described above.

**ANSWER**:    **Defendants incorporate each of the answers to the foregoing paragraphs as their answer to this paragraph as if fully set forth herein. Defendants deny the allegations contained in paragraph 113.**

## COUNT IX

### Illinois State Law – *Respondeat Superior*
### (Against John Reid & Associates)

114.    Each foregoing paragraph of this Complaint is incorporated as if fully set forth herein.

**ANSWER**:    **Defendants incorporate each of the answers to the foregoing paragraphs as their answer to this paragraph as if fully set forth herein.**

115.    Defendant John Reid & Associates are liable for the state-law torts of its employees under the doctrine of *respondeat superior*.

**ANSWER**:    **Defendants incorporate each of the answers to the foregoing paragraphs as their answer to this paragraph as if fully set forth herein. Defendants deny the allegations contained in paragraph 115.**

## AFFIRMATIVE DEFENSES

Defendants, John Reid & Associates, Inc. ("John Reid"), Michael Masokas ("Masokas"), the Estate of Arthur T. Newey ("Newey"), and Unknown Employees of John Reid & Associates, by their attorneys Lewis Brisbois Bisgaard & Smith LLP, and as Affirmative Defenses to Plaintiff's First Amended Complaint, states as follows:

Given the above, pleading in the alternative only, and without making any admissions of fault,  Defendants assert the following affirmative defenses.

## FIRST AFFIRMATIVE DEFENSE
### Monell Claim – Private Corporation Non-liability

Typically, a private corporation cannot be sued for constitutional violation under Section 1983. In *Monell*, the Court held that a Plaintiff must assert Monell claims against private

corporations based upon policies and customs that allegedly caused the violation of their rights. Here, the Plaintiff has not adequately alleged facts to bring merit to their claims against John Reid.

## SECOND AFFIRMATIVE DEFENSE
### Statute of Limitations – Federal Claims

To the extent that any of Plaintiff's claims pursuant to 42 U.S.C. § 1983 accrued more than two years prior to the filing of Plaintiff's Complaint, these claims are time barred.

## THIRD AFFIRMATIVE DEFENSE
### Statute of Limitations – State Law Claims

To the extent any of Plaintiff's claims pursuant to Illinois State law accrued more than one year prior to the filing of Plaintiff's Complaint, these claims are time barred pursuant to 745 ILCS 10/8-101(a).

WHEREFORE, Defendant, John Reid & Associates, Inc. ("John Reid"), Michael Masokas ("Masokas"), the Estate of Arthur T. Newey ("Newey"), and Unknown Employees of John Reid & Associates, respectfully request that this Honorable Court enter a judgment in their favor, denying the remedy sought in Plaintiff's First Amended Complaint, together with costs, disbursements and counsels' fees incurred in the defense of this action, and for such other and further relief that this Honorable Court deems just, equitable and proper.

## JURY DEMAND

Defendants hereby demand a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

Dated: May 7, 2021

Respectfully submitted,

**LEWIS BRISBOIS BISGAARD & SMITH LLP**

By: */s/Jonathan W. Goken* _____
    One of the attorneys for Defendants

Jonathan W. Goken, ARDC No. 6278837
F. Michael Pasqualino, ARDC No. 6311292
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
550 West Adams Street, Suite 300
Chicago, Illinois  60661
(312) 345-1718/Fax:  (312) 345-1778
Jonathan.Goken@lewisbrisbois.com
F.Pasqualino@lewisbrisbois.com

## CERTIFICATE OF SERVICE

This is to certify that the foregoing Answer was filed and served on <u>May 7, 2021</u> with and through the Clerk of the United States District Court for the Northern District of Illinois, by the Court's electronic filing mechanism.  All parties of record receive access and electronic notice.


<u>        /s/ *Jonathan W. Goken*        </u>